UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELVER SONZA SANCHEZ,

                Petitioner,

v.

THE GEO GROUP, INC. et al.,

                Respondents.

_____/

Case No. 1:26-cv-1775

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.17.) In an order entered on June 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the September 30, 2025, bond hearing on June 12, 2026, (Resp., ECF No. 4; Recording of Sept. 12, 2026, Bond Hearing, filed on Jun. 12, 2026.)

## II.    Factual Background

Petitioner is a citizen of Columbia who entered the United States in 2024. (Oct. 30, 2025, Immigration Judge Order, ECF No. 4-1, PageID.49.) On July 20, 2025, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.5.)

On September 26, 2025, the Cleveland Immigration Court ordered Petitioner removed from the United States. (Oct. 30, 2025, Immigration Judge Order, ECF No. 4-1, PageID.50.) Petitioner appealed that decision to the Board of Immigration Appeals (BIA). (Pet., ECF No. 1, PageID.5.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[1] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[1] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

2

On September 30, 2025, the immigration court held a bond hearing at Petitioner's request. (Oct. 30, 2025, Immigration Judge Order, ECF No. 4-1, PageID.50; Recording of Sept. 30, 2026, Bond Hearing, filed on Jun. 12, 2026.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond, stating:

> The Court does not [have] authority to redetermine bond in their case as this Court recently issued a removal order after a denial of [Petitioner's] I-589 application. In the alternative, the Court would find that [Petitioner] is a flight risk due to his lack of available relief.

(Oct. 2, 2025, Immigration Judge Order, ECF No. 4-4, PageID.58.) On October 30, 2025, the immigration court held a second custody hearing and denied Petitioner's request for bond, finding "that [Petitioner] failed to demonstrate that he is not a flight risk." (Oct. 30, 2025, Immigration Judge Order, ECF No. 4-1, PageID.50.)

III. **Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

IV. **Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      June 17, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge