UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELVER SONZA SANCHEZ,

          Petitioner,

v.

THE GEO GROUP, INC. et al.,

          Respondents.

_____/

Case No. 1:26-cv-1775

Honorable Jane M. Beckering

### **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement (ICE). In an Opinion and Judgment entered on June 17, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.) On June 26, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 8.) In the June 23, 2026, written order denying bond, the Immigration Judge stated:

> Respondent has two convictions for violation of a protective order in 2025. Respondent has a removal order (pending appeal before the BIA). The government has met is burden to show by clear and convincing evidence that the respondent is

both a danger to the community and a flight risk to the extent that can not [sic] be mitigated by a bond.

(Immigration Judge Order, ECF No. 8-1, PageID.70.)

Thereafter, on July 13, 2026, Petitioner filed a "notice of non-compliance and request for immediate release." (ECF No. 9.) Given Petitioner's *pro se* status, the Court will construe Petitioner's notice as a motion to enforce judgment.

In his filing, Petitioner argues that the Immigration Judge failed to comply with the Court's June 17, 2026, opinion and judgment because the "past protection order," on which the Government and the Immigration Judge relied, does not—in Petitioner's opinion—"constitute a current danger." (*Id.*, PageID.72–72.) In light of this, Petitioner asks this Court to order his immediate release from custody. (*Id.*)

While Petitioner frames his argument as an issue concerning the burden of proof applied at the recent bond hearing, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision, namely the weight that the Immigration Judge placed on the circumstances surrounding the past protective order. However, this Court may only determine whether the Immigration Judge applied the correct legal standard in accordance with the Court's June 17, 2026, opinion and judgment, not reweigh evidence. *See Martinez v. Clark*, 124 F.4th 775, 779, 785 (9th Cir. 2024).

Based upon the record before the Court, there is no indication that the Immigration Judge failed to comply with the Court's June 17, 2026, opinion and judgment. Accordingly, Petitioner's notice construed as a motion to enforce judgment is denied without prejudice.

**IT IS SO ORDERED.**

Dated:    July 16, 2026                              /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

2